**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAWSON NOLTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:21-cv-01704 |
| v. ) | |
| ) | |
| MERS MISSOURI GOODWILL, ) | (Removal from Madison County Circuit |
| ) | Court, 2021AR000448) |
| Defendants. ) | |
| ) | |

**NOTICE OF REMOVAL**

Defendant MERS/Missouri Goodwill Industries ("Goodwill"), by and through its undersigned attorneys, hereby notifies this Court of the removal of the case styled *Dawson Nolte v. MERS Missouri Goodwill*, Case No. 2021AR000448, from the Circuit Court of Madison County, State of Illinois, to this Court. As grounds for this removal, Goodwill states:

1. On October 25, 2021, Plaintiff Dawson Nolte filed a Petition against Goodwill in the Circuit Court of Madison County, State of Illinois, in *Dawson Nolte v. MERS Missouri Goodwill*, Case No. 2021AR000448 (hereinafter "State Court Petition"). The State Court Petition is attached hereto and incorporated herein as **Exhibit A**.

2. On November 19, 2021, the State Court Petition was served on Goodwill. *See* State Court Petition, service papers (Ex. A).

3. Plaintiff is a former employee of Goodwill who was terminated on or about January 22, 2021. *See* State Court Petition, ¶ 2 (Ex. A).

4. The State Court Petition purports to assert a claim for workers' compensation retaliation under Illinois law. *See* State Court Petition, generally (Ex. A).

5. The State Court Petition alleges that Plaintiff has been unable to secure employment since his discharge in January 2021 and has, therefore, incurred past and future lost wages, sustained emotional distress and anxiety, humiliation and distress, and costs associated with locating employment. *See* State Court Petition, ¶ 11 (Ex. A).

6. The State Court Petition makes a prayer for relief that the "Court award him an amount in excess of Fifteen Thousand Dollars ($15,000.00) but less than Fifty Thousand Dollars ($50,000.00) for compensatory and **punitive damages**." *See* State Court Petition, prayer for relief (Ex. A) (emphasis added).

7. Plaintiff attached to the State Court Petition an "Affidavit of Damages" executed by Plaintiff's attorney. The Affidavit of Damages states that "the above-noted action claims more than Fifteen Thousand Dollars ($15,000) but less than Fifty Thousand Dollars ($50,000)." *See* State Court Petition, attached Affidavit of Damages (Ex. A).

8. The State Court Petition does not identify the state in which Plaintiff is a citizen. However, according to Goodwill personnel records, Plaintiff is a citizen of the State of Illinois. *See* Affidavit of Dawayne Barnett, attached hereto and incorporated herein as **Exhibit B**.

9. Goodwill is incorporated in Missouri and has its headquarters and principal place of business in Missouri at 1727 Locust Street, St. Louis, Missouri, 63103, making it a citizen of Missouri for the purposes of removal. *See* 28 U.S.C. § 1332(c); and Affidavit of Dawayne Barnett (Ex. B).

10. Notwithstanding Plaintiff's prayer for relief in the State Court Petition of less than $75,000, the State Court Petition is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy, in reality, exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different States.

11. The question in determining jurisdictional amounts is what amount is "in controversy" between the parties. <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 447 (7th Cir. 2005). To establish the amount in controversy, the removing defendant must show what the plaintiff **stands to recover, not what his actual recovery is likely to be**. <u>Meridian Sec. Ins. Co. v. Sadowski,</u> 441 F.3d 536, 541-43 (7th Cir. 2006); <u>Brill</u>, 427 F.3d at 449 (emphasis added).

12. The damage demand in a plaintiff's complaint does not serve as a binding limitation on the amount of her recovery under Illinois law; it does not conclusively establish the amount in controversy for purposes of a federal court's determination of diversity jurisdiction. <u>Priori v. Petco Animal Supply Stores</u>, No. 14-cv-03264, 2015 U.S. Dist. LEXIS 197202, at *2 (N.D. Ill. Jan. 20, 2015); <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506, 511-12 (7th Cir. 2006).

13. Similarly, an "Affidavit of Damages," which merely reiterates that a demand is for an amount not in excess of $75,000 is no more conclusive than the damage demand in the complaint. It is merely a counsel's representation of information and belief as to the damages plaintiff demands, and does not purport to be a binding stipulation that plaintiff will neither seek nor accept more than the specified amount. <u>Priori</u>, at *2-3.

14. In a case in which only monetary relief is sought, a plaintiff can avoid removal by stipulating that he is not seeking, and will neither demand nor accept, any recovery in excess of $75,000, exclusive of costs and interest. <u>Workman v. UPS</u>, 234 F.3d 998, 1000 (7th Cir. 2000). Here, Plaintiff's counsel's "Affidavit of Damages" is insufficient to prevent removal. Plaintiff's affidavit does not stipulate to accepting no more than $75,000 in damages.

15. Accordingly, in determining whether the jurisdictional threshold amount has been met, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." <u>Uhl v. Thoroughbred Tech. and Telecomm., Inc.</u>,

309 F.3d 978, 983 (7th Cir. 2002) (*citing* Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)). If limited information is provided as to the value of a plaintiff's claim from the onset, a court can find a defendant's good-faith estimate of the damages is acceptable if it is "plausible and supported by a preponderance of the evidence." Cruz v. Darden Rests., Inc., 2010 U.S. Dist. LEXIS 18073, at *4-5 (S.D. Ill. Mar. 1, 2010).

16. When the removing defendant has established an amount in controversy above the threshold, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is actually for less than the jurisdictional amount. Oshana, 472 F.3d at 511; Priori, at *7.

17. Under the Illinois Worker's Compensation Act, a wrongfully discharged employee who prevails on a claim of workers' compensation retaliation may recover lost back pay and front pay from his former employer for the period following the discharge until the employee either finds new employment or is reinstated. Palmer v. Am. Coal Co., 2008 U.S. Dist. LEXIS 59678, at *5 (S.D. Ill. Aug. 7, 2008). The employee can also recover punitive damages and damages for emotional distress. Cruz, at *8; and Palmer, at *6. Finally, although it is not clear if a plaintiff pursuing a claim for workers' compensation retaliation is entitled to attorneys' fees, at least one court consider attorney's fees as part of the damages in worker's compensation retaliation claims. *See* Cruz, at *8 (considering attorney's fees, punitive damages, and actual damages in denying remand of worker's compensation retaliation claim).

18. In this case, Plaintiff specifically seeks damages in the categories of past and future lost wages, emotional distress, costs associated with locating employment, and punitive damages. Notably, however, Illinois law permits the employee to recover amounts beyond those pled in a complaint. Cruz, at *8.

19. While employed with Goodwill, Plaintiff was a full-time employee earning $10.50 per hour. *See* **Exhibit B**, ¶¶ 6-8.

20. Accordingly, in the eleven months since Plaintiff's termination from Goodwill, his lost wages total approximately $20,000, and, assuming he continues to be unemployed through trial (which could be as much as two years away), Plaintiff's lost wages through trial could be as high as $63,000.

21. In addition to these lost wages, Plaintiff is seeking lost future wages – presumably in the form of front pay for a period after the trial date. "Front pay compensates a discrimination victim for lost future earnings from her former position for as long as she might have been expected to hold it . . ." Priori, at *5. To the extent these damages are awarded, the past and future wages alone would likely meet the jurisdictional threshold.

22. Plaintiff is also seeking emotional distress damages. While difficult to quantify, Courts in this circuit have upheld substantial awards of emotional distress damages in worker's compensation retaliation claims. Courts in this Circuit consider the emotional distress awards of similar claims when determining diversity jurisdiction. *See* Mitchell v. Schenker, Inc., 2017 U.S. Dist. LEXIS 172395, at *6 (S.D. Ill. Oct. 18, 2017) (denying remand considering other emotional distress awards of $25,000 and $50,000 in worker's compensation retaliation claims).

23. The Court is also entitled to consider potential punitive damages as part of the amount in controversy, which Plaintiff seeks here. Cruz, at *8 (S.D. Ill. Mar. 1, 2010). When including punitive damages into the amount in controversy, a court can consider such damages in reasonable multiples of a plaintiff's actual damages. *See* Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 317-18 (7th Cir. 1996) (suggesting that, when reckoning punitive damages into

the jurisdictional amount, an appropriate ratio of punitive damages to actual damages is 2:1 or 3:1); Stull v. YTB Int'l, Inc., 2010 U.S. Dist. LEXIS 108876, at *11 (S.D. Ill. Oct. 13, 2010).

24.     A reasonable calculation of the sum of the damages claimed by Plaintiff in this case, including lost past and future wages, emotional distress, punitive damages, and costs related to finding employment, clearly establishes that the amount in controversy exceeds the $75,000 threshold.  Moreover, Plaintiff's Affidavit of Damages is inconsequential as written.

25.     Therefore, based on a preponderance of the evidence, Defendant has met its burden of showing that the amount in controversy in this matter plausibly exceeds $75,000, exclusive of interest and costs.

26.     Goodwill has removed this case within thirty (30) days after service of the Petition. Such removal is timely under 28 U.S.C. § 1446(b).

27.     Pursuant to 28 U.S.C. § 1446, contemporaneously with the filing of this Notice of Removal, Goodwill will give written notice thereof to Plaintiff and file a copy of the Notice of Removal with the Clerk of the Circuit Court of Madison County, State of Illinois, and provide this Court with a Proof of Filing in State court.

28.     Venue is proper in this District under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action has been pending.

WHEREFORE, Defendant petitions this Court for removal of *Dawson Nolte v. MERS Missouri Goodwill*, Case No. 2021AR000448 from the Circuit Court of Madison County, State of Illinois, to this Court.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s/ Adam D. Hirtz
Adam D. Hirtz, MO Bar No. 48448
MaryAnne Quill, IL Bar No. #6337385
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
maryanne.quill@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2021, the foregoing was filed electronically with the Clerk of Court using the Court's ECF system, and that I caused a true and correct copy to be sent via Email to the following:

Christopher Donohoo
251 E. Airline Drive
East Alton, IL 62024
Phone: 618-259-8800
Fax: 618-259-8802
chris@donohoolawfirm.com

*Attorney for Plaintiff*

/s/ Adam D. Hirtz

4893-9199-3351, v. 1