# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAWSON NOLTE,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cv-01704 |
| ) | |
| **MERS MISSOURI GOODWILL,** ) | |
| ) | |
|     **Defendant.** ) | |

## MOTION FOR REMAND

COMES NOW the Plaintiff, DAWSON NOLTE, by and through his attorney, Christopher M. Donohoo of The Donohoo Law Firm, P.C., and moves for an order of this Court remanding this cause to the Circuit of Court of Madison County, Illinois, and in support thereof, alleges as follows:

1. On October 25, 2021, Plaintiff, Dawson Nolte, filed a Complaint in the Circuit Court, Third Judicial Circuit of Madison County, Illinois, against the Defendant, alleging that he was wrongfully terminated for filing a workers' compensation claim.

2. On December 17, 2021, Defendant filed a Notice of Removal based on diversity of citizenship, claiming the amount in controversy is in excess of $75,000.

3. The Plaintiff, as of the day of filing this Motion for Remand and at the time of filing his Complaint, assets that the amount in controversy is less than $50,000, much less than the $75,000 threshold for removal.

4. In Plaintiff's Complaint, he specifically prays for an amount in "excess of $15,000 **but less than "$50,000** for compensatory and punitive damages and costs of said litigation."

5. The prayer for relief states:

**WHEREFORE, Plaintiff prays this Court to award him an amount in excess of Fifteen Thousand Dollars ($15,000.00) but less than Fifty Thousand Dollars ($50,000.00) for compensatory and punitive damages, and costs of said litigation.**

6. The Plaintiff's affidavit of damages, which is page four of Plaintiff's Complaint states:

**COMES NOW Affiant, Christopher M. Donohoo of The Donohoo Law Firm, P.C., and pursuant to Supreme Court Rules, and hereby states that the above-noted action claims more than Fifteen Thousand Dollars ($15,000) but less than Fifty Thousand Dollars ($50,000). Further Affiant sayeth not.**

7. In addition to the prayer for relief of less than $50,000 and the affidavit of damages of less than $50,000, Plaintiff filed his Complaint in the Madison County Arbitration docket, which limits jurisdictional amounts to matters no more than $50,000. Thus, the maximum jurisdictional award the Plaintiff could receive is $50,000.

8. Moreover, on September 1, 2021, nearly two months before filing suit, Plaintiff's counsel sent a settlement demand to the Defendant for $40,000, which is $35,000 less than the $75,000 requirement.

9. "The amount in controversy must be determined by evaluating the controversy described in the Complaint and record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred Technology & Telecommunications, Inc., 309 F.3d 978, 983 (7th Cir. 2002), citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Circ. 1993).*

10. "Statutes providing for removal are construed narrowly, and doubts of removal are resolved in favor of remand." *Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).* "The burden of establishing jurisdiction in federal courts is on the party seeking removal." *Id.*

11. "Any challenge of the valuation of the amount in controversy requires the court to examine the pleadings and affidavits accompanying the motion to dismiss and determine the direct pecuniary value to the complainant of the right to sought to be protected at the time of the action has been commenced to federal court." *Local Division 519, Amalgated Transit Union v. La Crosse Municipal Transit Utitily, 585 F.2d 1340 (7th Cir. 1978).*

12. While it is generally difficult to dismiss an action under the legal certainty test, three areas have emerged as satisfying this standard and one of those areas is "actions in which a specific rule of law limits the amount of damages recoverable." *Farmilant v. Singapore Airlines, Ltd. 561 F.Supp. 1148 (N.D.Ill. 1983).* "It should be noted that while the issue of valuation is to be adjudged under the federal standards, the couts will look to the forum state to determine the nature and extent of the right to be enforced." *Horton v. Liberty Mutual Insurance Co., 367 U.S. 348.*

12. The Defendant merely speculates that the damages exceed $75,000 because it wants

to invoke jurisdiction of this Court. Such a showing without any evidence and an abundance of evidence against removal is insufficient, and as such, this action should be remanded.

13. The Defendant attempts to seek removal when the Complaint specifically prays for less than $50,000, the maximum award on the arbitration docket is $50,000, and when the Plaintiff previously sought damages of $40,000.

14. Plaintiff has filed his Motion for Remand within 30 days of the Notice of Removal. Therefore, the Motion for Remand is timely.

15. Plaintiff has incurred attorney's fees and costs in conjunction with the filing of this Motion for Remand. If the Motion for Remand is granted, he respectfully requests this Court enter an Order requiring Defendant to pay "just costs and any actual expenses including attorney's fees incurred as a result of this removal." *28 U.S.C Section 1447(c).*

16. For the reasons stated above, Plaintiff's Complaint should be remanded to the Circuit Court of the Third Judicial Circuit of Madison County, Illinois.

WHEREFORE, Plaintiff, DAWSON NOLTE, requests this Court to:

A) Remand the case to the Third Judicial Circuity of Madison County;

B) Award Plaintiff reasonable attorney's fees and costs incurred with preparing this Motion for Removal; and

C) Grant any other relief this Court deems fair and proper.

Dated this 28th day of December, 2021.

THE DONOHOO LAW FIRM, P.C.

_/s/ Chris Donohoo_
Christopher M. Donohoo (#6277389)
251 E. Airline Dr.
East Alton, IL 62024
(618) 259-8800 (Phone)
(618) 259-8802 (Fax)
chris@donohoolawfirm.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 28, 2021, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which sends a notice of the filing to Attorney Adam D. Hirtz at 222 South Central Avenue, Suite 900, St. Louis, MO 63105; and caused a true copy to Attorney Adam Hirtz and MaryAnne Quill via email at adam.hirtz@jacksonlewis.com and maryanne.quill@jacksonlewis.com.

/s/ Chris Donohoo
Christopher M. Donohoo (#6277389)