UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAWSON NOLTE,

    Plaintiff,

v().

MERS MISSOURI GOODWILL,

    Defendant.

Case No. 21-cv-1704-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Dawson Nolte's motion to remand this case to state court on the grounds that there is an insufficient amount in controversy to support federal diversity jurisdiction (Doc. 10). Defendant MERS Missouri Goodwill ("Goodwill") has responded to the motion (Doc. 13), and Nolte has replied to that response with a brief (Doc. 15) and a stipulation to the amount in controversy (Doc. 14). Because it is not legally certain that less than the required minimum amount is in issue, the Court will deny the motion to remand.

**I.    Background**

Nolte, a citizen of Illinois, was injured in July 2020 while working as an employee of Goodwill in Edwardsville, Illinois. Several weeks later, a doctor ordered him not to return to work, and in October 2020, he filed a claim for worker's compensation benefits. He was still off work in January 2021 when Goodwill notified him he had been terminated. He later settled his worker's compensation claim.

Nolte claims that Goodwill terminated his employment in retaliation for his seeking worker's compensation benefits. He filed a retaliation lawsuit in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, in October 2021 (Case No. 2021AR000448). Goodwill removed the case to this Court on December 17, 2021, on the basis of the Court's

original diversity jurisdiction under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(a).  Nolte followed by filing the pending motion to remand.

**II.     Discussion**

Nolte argues that this action should be remanded to Illinois state court because the minimum amount in controversy for diversity jurisdiction does not exist.  Federal courts have diversity jurisdiction over a matter when the parties are citizens of different states and the amount in controversy exceeds $75,000, not counting interest and costs.  28 U.S.C. § 1332(a).  The party seeking to invoke federal jurisdiction bears the burden of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).  Remand is only appropriate if it is "legally certain that the controversy is worth less than the jurisdictional minimum."  *Meridian*, 441 F.3d at 542.

In the event of removal, the amount in controversy is determined on the day the suit was removed.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).  Post-removal events to reduce the amount in controversy do not negate a jurisdictionally sufficient amount in controversy at the time of removal.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Meridian*, 441 F.3d at 538; *Rising-Moore*, 435 F.3d at 816.  Even if the plaintiff makes an irrevocable promise after removal not to accept more than $75,000, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal.  *St. Paul*, 303 U.S. at 292-93; *Rising-Moore*, 435 F.3d at 816; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).  He may, however, prevent removal by filing a binding stipulation or affidavit prior to removal.  *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827,

831 (7th Cir. 2011) (citing *Oshana*, 472 F.3d at 511; *In re Shell*, 970 F.2d at 356).

A plaintiff cannot rely on a prayer for relief capped at the top end or the selection of a court division (like the Arbitration Docket in Madison County where remedies are limited) to cabin the amount in controversy. A limited prayer for relief does not lower the amount in controversy because, under both federal and Illinois rules, a prayer for relief does not limit the awardable relief. *See* Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); 735 ILCS 5/2-604.2 ("the remedies requested from the court do not limit the remedies available"). As noted above, only a pre-removal binding stipulation will do.

Nolte's post-removal stipulation (Doc. 14) is not enough. As noted above, only a pre-removal binding stipulation will do, and Nolte's pre-removal affidavit does not bind him to accepting no more than $75,000. Even his post-removal stipulation is not binding; it simply restates his view on the amount in controversy. Since this observation is not binding and was made after removal, it will not defeat an otherwise proper removal.

And here removal was proper because at least $75,000 was in issue, as Goodwill has demonstrated in the Notice of Removal (Doc. 1). Nolte's lost wages from January 2021, the time he was terminated, to December 2021, the time of removal, amount to about $20,000. Front pay and emotional distress damages could reach a similar amount, *see Reinneck v. Taco Bell Corp.*, 696 N.E.2d 839, 845 (Ill. App. Ct. 1998), and punitive damages could be double that, *see Holland v. Schwan's Home Serv., Inc.,* 992 N.E.2d 43, 89 (Ill. App. Ct. 2013). *See, e.g., Knuffman v. Mcwane Inc.*, No. 14-3301, 2016 WL 829964, at *1 (C.D. Ill. Mar. 3, 2016) (finding amount in controversy satisfied where back wages were $18,684.17). So without ever reaching the question whether other items such as attorney's fees should be counted, the tally runs to

$80,000.  Nolte's prayer for relief, choice of the Arbitration Docket, and non-binding post-removal stipulation do not establish to a legal certainty that less than $75,000 is in issue.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Nolte's motion to remand (Doc. 10).

**IT IS SO ORDERED.**
**DATED:  January 25, 2022**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**